Grundy and Cooke, for plaintiffs, argued that the record ought not to be received as evidence: First, because the heirs of William Bush were not named in the proceedings, nor was any description given of the land to supply that defect; second, because the report to the county court of Smith was made by the late sheriff and collector, whereas it ought to have been made by the one in office at the time the report was made; and, third, because the record showed that publication had been made in the Gazette of the public printer but once, when the law requires that it should be made twice.

Haywood and Whiteside argued for defendants that there was no necessity to name the heirs. The tax is a lien upon the land, and the real owners of it knowing the tax ought to be paid, should have come forward and prevented the sale by a payment of what was due. A scire facias may issue against persons without naming them, nor otherwise referring to them, except by description, as against the executor of A., without naming him. So it may issue against terre tenants. 5 Com. Dig. 3 L. 3. As to the other two objections, which refer only to matters which should have been done before the judgment was entered up, no serious difficulty can exist. The matter before the county court was that over which they had jurisdiction, and consequently it is to be presumed that all the steps required to be taken before rendering the judgment were regular, and it is not competent to show the contrary.

BY THE COURT. In every part of the proceedings in this case the land has been described thus: "William Bush's heirs, two thousand five hundred and sixty acres." The heirs of Bush are not named, nor is any description of the land given. Before the act of 1803 [2 Stat. 229] it was necessary that all lands should be reported in the name of the true owner; but as evident inconvenience arose from this, in consequence of the difficulty of ascertaining who that was, it was provided by the act referred to that the report and proceedings need not be in the name of the true owner, provided such a description was given of the land as would enable him to know, upon seeing a publication of the proceedings, that it belonged to him. The description required by law is not given in this case; nor is there such a reference to the owner as will supply the defect. No man can be bound by proceedings to which he is not a party, and to make him a party he must be named. A scire facias against heirs generally, without naming them, would not be good; at all events they would not be bound by the judgment upon it, unless the sheriff were to return scire feci, and name

them; a return of two nihils would not answer. The same remark will apply to proceedings against terre tenants. 2 Tidd, Pr. tit. "Scire Facias." Upon this ground alone, laying the other objections aside for present, the court is clearly of opinion that the judgment condemning the land to be sold is absolutely void. But the court is far from believing that the other objections are not well founded. It is true that after the judgment most of the preliminary steps which the law requires are presumed to have been taken; but this presumption wholly fails if the record itself shows that they have not been taken. If the record is silent as to who made the report, it may be presumed that it was made by the proper officer; but if it shows clearly that it was made by a person having no authority to act, the case is materially changed. Presumption will supply the omission in one case, but in the other there is nothing left to presume. The report ought to have been made by the sheriff in office at the time; he was the only person who had a right to return that the owner had not any goods and chattels to satisfy the tax; and consequently the only person who could legally make the report. A report made by the late sheriff is no more than if made by any other individual. And the court consider that to give the county court jurisdiction the report should have been made by a proper person; if that was not done the judgment is void. The same opinion will apply to the want of a legal publication in the Gazette of the public printer.

---

## Case No. 2,226.

### BUSHBY v. CAMAC.

[4 Wash. C. C. 296.][1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1822.

DEBT PAYABLE IN FOREIGN MONEY — INTEREST— LAW OF PLACE.

The defendant being indebted to the plaintiff in a certain sum of British sterling, gave his bond for the amount in sterling generally, to be paid in Ireland, with a power of attorney to confess judgment in some court of Ireland. The debt is to be considered due in British sterling, but to carry Irish interest where it is payable.

At law. This was an action on the case brought to recover a balance due upon a judgment entered in the court of exchequer in Ireland, upon a bond and warrant of attorney to confess judgment, and also the amount of a note of hand for £300 sterling, which, by a settled account between the parties, it was agreed was to be paid out of the proceeds of a certain copper mine, in which these parties and others were concerned. It was admitted that the balance

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

of the settled account (excluding the note of hand), for which the bond and warrant of attorney were given, was for British sterling; the bond was for that amount in sterling generally, not mentioning whether British or Irish sterling, to be paid in Ireland; and the power of attorney accompanying it was to confess judgment in some court in Ireland.

Mr. Condy, for plaintiff.

Edward Ingersoll, for defendant.

THE COURT decided that the plaintiff could not recover the amount of the note, without showing that there were proceeds of the copper mine sufficient to discharge it; and gave the plaintiff leave, on his motion, which was not opposed, to strike from the declaration the count upon the note. THE COURT instructed the jury, in relation to the judgment, that it was to be considered as a debt due in British sterling, and being made payable in Ireland, the plaintiff was entitled to six per cent. on the debt, that being the interest of that country. See the case of Robinson v. Bland, 2 Burrows, 1077.